UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Renee Fazica,

    Plaintiff,

v().                                                        Case No. 15-13858

Bloomfield Township Police Officer    Sean F. Cox
April Switala, *et al.*,    United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
GRANTING OAKLAND COUNTY DEFENDANTS' MOTION TO DISMISS**

Plaintiff filed this action asserting § 1983 and state-law claims against two municipalities, and their eight of their officers, following her arrest. The matter is before the Court on a Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), by the Oakland County Defendants.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, Court shall GRANT the motion to the extent that the Court shall dismiss all claims against the Oakland County Defendants without prejudice.

**BACKGROUND**

Acting through Counsel, on November 2, 2015, Plaintiff Renee Fazica ("Plaintiff") filed this § 1983 Civil Rights action against: 1) Bloomfield Township Police Officers April Switala, AJ Sparks, another officer identified only as officer "Pernie," and Bloomfield Township

1

(Collectively, "the Bloomfield Township Defendants"); and 2) Oakland County Sheriff Deputies Zachary Jordan, Mark Fletcher, Josh Tucker, Paul Nicotri, another Oakland County Sheriff Deputy identified only as "Cordova," and Oakland County (Collectively, the "Oakland County Defendants").

The section of Plaintiff's Complaint titled "Introduction" states that this is an action brought by Plaintiff "to vindicate profound deprivations of her Constitutional rights caused by police misconduct. On October 16, 2014, Plaintiff was arrested for OWI. During the course of her arrest and subsequent incarceration, Plaintiff was *victimized by the unlawful use of excessive force by all individually named Defendants.*" (Compl. at 2) (emphasis added). But the body of the Complaint does not contain any factual allegations as to how any of the named Defendants used excessive force.

### First Claim for Relief

Plaintiff's Complaint identifies her "First Claim for Relief" as a § 1983 claim for excessive force. That count, however, like the rest of Plaintiff's Complaint, does not contain any factual allegations as to excessive force having been used by any named Defendant. It asserts that "Defendant['s] actions and use of force, *as described herein*, were objectively unreasonable" (Compl. at ¶ 23) (emphasis added) even though there are no factual allegations that describe any use of force by any Defendant.

As to the municipal Defendants, Plaintiff's Complaint alleges that, in connection with this claim: 1) "Defendant Oakland County employed Defendant officers, Jordan, Fletcher, Tucker, Nicotri, and Cordova and is liable because its policies, practices, and customs, which were defective, resulted in injury to Plaintiff"; and 2) "Defendant Bloomfield Township

2

employed Defendant officers, Switala, Sparks and Pernie and is liable because its policies, practices, and customs, which were defective, resulted in injury to Plaintiff." (Compl. at 5). Plaintiff's Complaint does not contain any factual allegations as to any defective policies, practices, or customs.

**Second Claim for Relief**

Plaintiff identifies her "Second Claim for Relief" as "Gross Negligence, Willful and Wanton Misconduct, Assault, Battery, Intentional Infliction of Emotional Distress." (Compl. at 8). Thus, rather than assert a discrete state-law claim, this "second claim" appears to assert *multiple* state-law claims against all of the named individual Defendants. And it does so without including any factual allegations as to any alleged actions or omissions taken by any of the individual Defendants. This "second" claim for relief is not asserted against Oakland County or Bloomfield Township.

**Third Claim for Relief**

Plaintiff identifies her "Third Claim for Relief" as "Deprivation of Liberty Without Due Process of Law." (Compl. at ¶ 9). Plaintiff's Complaint does not identify which of the individual Defendants this claim is asserted against. Plaintiff asserts that she "had a clearly established right under the Fourteenth Amendment not to be subjected to punitive jail conditions or an exaggerated response to a security need." (Compl. at ¶ 45). Plaintiff alleges that "Defendants; actions and use of force, *as described herein*" were objectively unreasonable and were "intended to punish Plaintiff" and "were an exaggerated response to a real concern." (Compl. at 11) (emphasis added). The Complaint, however, contains no factual allegations as to any actions or omissions that were taken by any of the individual Defendants.

Plaintiff appears to assert that the municipal Defendants are liable for this alleged constitutional violation in that she alleges that "[t]he individual Defendants to this claim at all times relevant hereto were acting pursuant to Oakland County Sheriff and Bloomfield Township Police Department custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff." (Compl. at ¶ 49).

On November 15, 2015, the Oakland County Defendants filed a Motion to Dismiss (D.E. No. 15), brought pursuant to Fed. R. Civ. P. 12(b)(6). The parties stipulated to allowing Plaintiff until January 11, 2016 to file her response. Plaintiff filed her response to the motion on that date (D.E. No. 21).

On January 12, 2016, the Bloomfield Township Defendants filed a notice of "Concurrence In Co-Defendants' Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)" (D.E. No. 23), wherein they assert that they are "joining and concurring in the arguments and factual recitations set forth by" the Oakland County Defendants in the Oakland County Defendants' Motion to Dismiss. The Bloomfield Township Defendants have not filed their own Motion to Dismiss, nor have they provided any court rule or other authority that allows them to "join" a motion filed by another party.

**Standard of Decision**

The Oakland County Defendants's Motion to Dismiss asks this Court to dismiss plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil

Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

This standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true. *Twombly*, 550 U.S. at 555 (citations omitted).

Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## ANALYSIS

### I. The Oakland County Defendants' Motion To Dismiss

In the pending motion, the Oakland County Defendants assert that Plaintiffs' claims against them should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff's Complaint fails: 1) to state a claim against Oakland County because she has not sufficiently alleged municipal liability on the part of Oakland County; and 2) to state a claim against any of the individual Oakland County Defendants because the Complaint contains no factual allegations as to any actions or omissions by any individual Defendant and the Complaint does not plead in avoidance of Michigan's governmental immunity statute.

The Court agrees that Plaintiff's Complaint fails to state a claim against Oakland County because Plaintiff has not sufficiently alleged municipal liability for the claims in her Complaint. The Court also agrees that Plaintiff has not sufficiently alleged any claims against any of the individual Defendants. A Defendant reading this Complaint would have no idea what he or she allegedly did, or failed to do, in relation to Plaintiff's arrest. Plaintiff's Complaint is entirely conclusory and lacks supporting factual allegations.

In her roughly three-page response to the Oakland County Defendants' Motion to Dismiss, Plaintiff makes two arguments. First, Plaintiff argues that Defendants' motion is "premature" because "the record has yet to develop due to the parties having not undertaken any discovery." (Pl.'s Resp. at 9). Second, Plaintiff states that, "in the alternative, Plaintiff seeks an opportunity to amend her complaint." (*Id*. at 10).

Plaintiff's first argument fails because this is a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) that tests the legal sufficiency of the Complaint; it is not a motion for

summary judgment brought under Fed. R. Civ. P. 56.  In short, not having engaged in discovery is not a defense to a motion to dismiss that challenges the sufficiency of the complaint.

Plaintiff's second argument is also without legal support.  At this stage of the litigation, if Plaintiff wishes to file an amended complaint she must file a motion seeking leave to file an amended complaint.   And "Eastern District of Michigan Local Rule 15.1 further requires that a party seeking leave to amend a pleading provide the Court with a copy of its proposed amended pleading." *D.E. & J Limited Partnership,* 284 F.Supp.2d at 751.

Here, Plaintiff has not filed a motion for leave to amend her Complaint, nor has she presented the Court with a proposed amended complaint.  Rather, Plaintiff's response states that, "in the alternative, Plaintiff seeks an opportunity to amend her complaint."  (Pl.'s Br. at 10).

The Sixth Circuit's "disfavor of a such a bare request in lieu of a properly filed motion for leave to amend was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools,* 475 F.Supp.2d 655, 669 (E.D. Mich. 2007).  What plaintiff "may have stated, almost as an aside," to this Court in her brief in opposition to the Oakland County Defendants' Motion to Dismiss is not the proper procedure for requesting leave to amend.  *Begala*, 214 F.3d at 784; *see also Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young*, *LLP*, 622 F.3d 471, 486 (6th Cir. 2010).

Accordingly, the Court shall grant the Oakland County Defendants' Motion to Dismiss to the extent that the Court shall dismiss all claims against the Oakland County Defendants without prejudice.  If Plaintiff wishes to file an amended complaint, she must file a proper motion seeking leave to do so and must attach her proposed amended complaint as an exhibit to the motion.

**II.     The Bloomfield Township Defendants' "Notice Of Joinder" (D.E. No. 23).**

On January 12, 2016, the Bloomfield Township Defendants filed a notice of "Concurrence In Co-Defendants' Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)" (D.E. No. 23), wherein they assert that they are "joining and concurring in the arguments and factual recitations set forth by" the Oakland County Defendants in the Oakland County Defendants' Motion to Dismiss.  The Bloomfield Township Defendants have not filed their own Motion to Dismiss, nor have they provided any court rule or other authority that allows them to "join" a motion filed by another party rather than file their own motion.

If the Bloomfield Township Defendants wish the Court to dismiss any of the claims asserted against them, they must file their own motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Oakland County Defendants' Motion to Dismiss is GRANTED to the extent that the Court hereby DISMISSES all claims asserted against the Oakland County Defendants WITHOUT PREJUDICE.  If Plaintiff wishes to file an amended complaint, Plaintiff must file a formal motion seeking to leave to file an amended complaint and must attach a copy of her proposed amended complaint as an exhibit to the motion.

IT IS SO ORDERED.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated:  February 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016, by electronic and/or ordinary mail.

                                      S/Jennifer McCoy
                                      Case Manager